UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL RUSS OXLEY,

    Plaintiff,

v.

MADRIGAL, et al.,

    Defendants.

Case No. 23-cv-02371 BLF (PR)

**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against officers and the medical staff at the West County Detention Facility in Contra Costa County, where he was previously confined. Dkt. No. 1. The Court dismissed the complaint with leave to amend to correct various deficiencies. Dkt. No. 10. Plaintiff filed an amended complaint. Dkt. No. 11.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.      **Plaintiff's Claims**

Plaintiff names the following as Defendants: (1) Deputy Madrigal; (2) Deputy Santiago; (3) Sgt. Spangler; and (4) Lt. T. Rossberg. Dkt. No. 11 at 1. All Defendants worked at the West County Detention Facility during the underlying events. *Id.*

Plaintiff alleges that on March 3, 2023, at approximately 1 p.m., Deputy Madrigal denied him access to the restroom. *Id.* Plaintiff is an "ADA" inmate with numerous medical issues for which he was issued a "medical blue slip" giving him access to the restroom during lock down. *Id.* at 1-2. Defendant Madrigal intentionally ignored Plaintiff's medical condition, forcing him to defecate into a plastic bag in his cell. *Id.* at 2. Plaintiff approached Deputy Santiago for an inmate grievance form to complain about Deputy Madrigal's actions, and to request a shower to properly clean himself. *Id.* Deputy Santiago laughed and denied the shower, telling Plaintiff to wait until "free time" at 3:30 p.m., which "made the humiliation much worse" as other inmates were allowed access. *Id.*

On March 5, 2023, Sgt. Spangler responded to Plaintiff's grievance: "Deputy Madrigal is on training and the issue was addressed with training officer," who was Deputy Santiago. *Id.* Sgt. Splanger also stated that the "medical blue slip appropriateness will be address[ed] w/medical staff so that this issue does not come up again." *Id.*

On March 13, 2023, Lt. Rossberg spoke with Plaintiff to discuss the grievance. *Id.* Lt. Rossberg asked Plaintiff, "What can I do to get you to drop this complaint?" *Id.* When

2

Plaintiff refused, Lt. Rossberg promptly ended the conversation. *Id.* On March 14, 2023, Lt. Rossberg's response to the appeal noted, "We spoke on 3/13/2023 regarding your grievance." *Id.*

On March 13, 2023, at 1:30 p.m., Plaintiff was called by RN Karima regarding his blue slip which had been approved three days prior. *Id.* at 2-3. RN Karima informed Plaintiff that he "got into trouble" for renewing the blue slip. *Id.* at 3. RN Karima then revoked the blue slip, merely stating that the "decision came from higher up." *Id.* When Plaintiff filed a grievance on the matter, the medical response stated that "I have access to the restroom during locked down and it expire[s] 5-11-2023." *Id.* Plaintiff appealed the response because RN Karima had taken back that blue slip; a nurse informed him that he had an appointment with the doctor on March 30, 2023. *Id.*

On March 30, 2023, Plaintiff went to medical for what he thought was a routine medical follow up. *Id.* at 3. While speaking with Dr. Standish, the discussion turned to the blue slip issue. *Id.* Plaintiff was asked whether he would like to go to Martinez Detention Facility ("MDF") which had restrooms in the cells. *Id.* Plaintiff declined because MDF had less activities and he would have to stay in his cell for longer periods of time. *Id.* Plaintiff advised that "it wasn't just about a medical condition or that I am (ADA)" that he was issued a medical slip, but because must have access to water and restrooms regardless since he is housed in a "dry cell." *Id.* When Dr. Standish called for RN Ashanti, she disclosed that Lt. Rossberg had sent an email to medical staff supervisor ordering medical staff to not issue medical blue slips for access to restrooms during lock downs. *Id.*

Plaintiff alleges that Deputy Madrigal, Deputy Santiago, Sgt. Spangler, and Lt. Rossberg were "engaging in a course of outrageous conduct" and that "No human being should have been subject to that treatment, disregarding common decency, the retaliation, the impending threat, the abuse of power and the support of Deputy Madrigal who knew by not allowing access and assistance it was definite that that result would occur." *Id.* at 3-4. Plaintiff believes their conduct was due to him using the restroom, because he is an

3

ADA inmate, and because he would not "drop my right to grievance." *Id.*

On April 19, 2023, Plaintiff was again confronted by Deputy Madrigal who came to his cell to conduct a "security check." *Id.* at 4. Deputy Madrigal allegedly found something in the cell door, and warned Plaintiff "not do to it again," implying that Plaintiff was hiding things in his cell. *Id.* Deputy Madrigal stated that he found a razor in the same place the previous week. *Id.* Plaintiff felt Deputy Madrigal was harassing him, perhaps even threatening to plant contraband in his cell, in retaliation for the previous month's incident; he denies being responsible for the alleged "razor" contraband. *Id.* Plaintiff filed a grievance for the harassment. *Id.*

On April 20, 2023, Sgt. Hayes's response to the grievance stated: "(1) one topic per grievance (2) speak with medical if you need special housing due to bowel issues (3) speak with staff during your hearing due to the write up." *Id.* Plaintiff appealed the findings on the same day. *Id.* As of the filing of the complaint on May 16, 2023, Plaintiff did not receive a response. *Id.*

Plaintiff claims the following: (1) his rights as an ADA were violated; (2) Eighth Amendment violation for the deprivation of a basic necessity, i.e., hygiene; and (3) retaliation for the filing of grievances. Dkt. No. 11 at 4-6. Liberally construed, Plaintiff's allegations in the amended complaint are sufficient to state cognizable claims.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, Dkt. No. 11, all attachments thereto, and a copy of this order upon **Defendants Deputy Madrigal, Deputy Santiago, Sgt. Spangler, and Lt. Rossberg** at the **Contra Costa County Office of the Sheriff (1850 Muir Road, Martinez, CA 94553).** The Clerk shall also mail a copy of this Order to Plaintiff.

4

The Clerk shall terminate the "Medical Staff Department" as a defendant in this action because this defendant was not named in the amended complaint and is therefore no longer a party to this action.

2.	Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3.	No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a.	Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the

5

Court prior to the date the summary judgment motion is due.

        b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

        4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

        5.    Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

        6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

        7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

        8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

        9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the

court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  __March 31, 2024_____  

BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.23\02371Oxley_svc

7