UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL RUSS OXLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MADRIGAL, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-02371 BLF (PR)<br><br>**ORDER GRANTING IN PART MOTION FOR SECOND EXTENSION OF TIME TO FILE OPPOSITION**<br><br>(Docket No. 22) |

　　　　Plaintiff, a state prisoner, filed a civil rights complaint under 42 U.S.C. § 1983 against officers and the medical staff at the West County Detention Facility in Contra Costa County, where he was previously confined. Dkt. No. 1. The Court found the amended complaint stated cognizable claims and ordered service on Defendants who were directed to file a dispositive motion. Dkt. No. 14. On May 8, 2024, Defendants filed a motion to dismiss the amended complaint. Dkt. No. 18. Plaintiff's opposition was due twenty-eight days thereafter, *i.e.*, by June 5, 2024. *See* Dkt. No. 14 at 6.

　　　　On June 7, 2024, the Court granted an extension of time to Plaintiff such that the Plaintiff's opposition was due on July 5, 2024. Dkt. No. 21. On July 3, 2024, Plaintiff filed a motion for a second extension of time of sixty days due to quarantine and medical issues. Dkt. No. 22. Good cause appearing, the request is **GRANTED in part**. Plaintiff's

opposition shall be filed **no later than August 16, 2024,** which is an extension of 42 days.

Defendants' reply shall be filed **no later than fourteen (14) days** from the date Plaintiff's opposition is filed.

Attached to this order is a copy of Plaintiff's amended complaint as well as a request for copies form if the Plaintiff would like to request the exhibits attached to his amended complaint.

This order terminates Docket No. 22.

**IT IS SO ORDERED.**

**Dated:** ___July 11, 2024___          _____
                                                                           BETH LABSON FREEMAN
                                                                           United States District Judge

Samuel Russ Oxley
Booking No: CC22N0748
West County Detention Facility
5555 Giant Highway
Richmond California 94806

FILED
OCT 19 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

Samuel Russ Oxley
           Plaintiff,

Case No. 23-cv-02371 BLFCPR

AMENDED COMPLAINT

V.

Deputy Madrigal
Deputy Santiago
Sgt. Spangler
L.T Rossberg
           Defendants,

Plaintiff, a inmate detainee, filed the instant pro se civil rights action pursuant to 42 U.S.C. §1983 against Sheriff Deputy officers at the West County Detention Facility in Contra Costa County, where he is currently confined. Dkt NO. 1. Plaintiff is order of Dismissal with leave to Amend Dkt. NO. 8.

A.            Plaintiff Claims
   Plaintiff names the following as Defendants:
(1) Deputy Madrigal (2) Deputy Santiago (3) Sgt Spangler (4) L.T. Rossberg; All worked at the West County Detention Facility.
   Plaintiff alleges that on March 3, 2023 at approximately 1pm, Deputy Madrigal denied him access to the restroom. Plaintiff is a (ADA) inmate and because of the numerous medical conditions, he was issued one of many "Medical blue slips" (permission papers) that is approved to carry meds as well as possess medical equipment for medical needs

(1)

One of which, "access to the restroom during lock down." despite Plaintiff's having a "Medical blue slip." Deputy Madrigal intentionally ignored Plaintiff medical condition by doing so, Plaintiff was force to defecate into a plastic bag that also resulted on himself and the cell floor. This Facility has dry cells (No plumbing) and because of this, inmates must allow access to water and restrooms throughout the morning, noon and night. Plaintiff, after sometime, was able to approach Deputy Santiago for an inmate grievance form to complain about Madrigal actions and to request a shower to properly sanitize himself. Deputy Santiago laughed and denied him the shower, telling Plaintiff to wait until "free time" which was at 3:30pm, making the humiliation much worst being that there was "Module workers (inmates) that can utilize restrooms, showers and other amenities that other inmates such as Plaintiff could not, even with a medical permission paper (Blue slip).

On March 5, 2023, Sgt. Spangler responded to Plaintiff's grievance: "Deputy Madrigal is on training and the issue was addressed with his training officer." Whom later it was found out was Deputy Santiago that laughed and denied Plaintiff a shower after being made aware of the intentional actions of his Deputy that he was responsible for training. Sgt. Spangler also stated that the "Medical blue slip appropriateness will be address[ed] w/ medical staff so that this issue does not come up again."

On March 13, 2023 Lt. Rossberg spoke with Plaintiff to discuss the grievance after Sgt Spangler made that impending statement. Lt. Rossberg asked Plaintiff "What can I do to get you to drop this complaint" that was against Madrigal. Plaintiff refused. Lt Rossberg promply ended the conversation. On March 14, 2023 Lt Rossberg response to the appeal noted "We spoke on 3/13/2023 regarding your grievance."

On March 13, 2023 approximately 1:30pm Plaintiff was called by RN Karima regarding his blue slip of

(2)

having access to the restroom during lock down, that has been renewed three days prior because the day of march 13, 2023 the blue slip that was valid at the time of the intentional incident had expired. RN Karima informed Plaintiff that he "gotten into trouble" for renewing the blue slip, merely stating that the "decision came from higher up". When Plaintiff filed a grievance on the matter, he stated the impending statement that Sgt Spangler wrote in regard to "medical will be addressed" because of RN Karima revoking the renewed blue slip. Plaintiff response from medical staff informed that he "have access to the restroom during locked down and it expire(s) 5-11-2023." Plaintiff appeal the response. RN Karima had taken back the blue slip permission paper that indicates proof of having that access. A nurse informed Plaintiff that he had an Doctor appointment on March 30, 2023.

On march 30, 2023, Plaintiff went to the medical department for his appointment what he thought was a routine medical follow up. While speaking with Dr. Standish, the discussion turned to the medical blue slip issue. Plaintiff was asked whether he would like to go to Martinez Detention Facility ("MDF") which has restrooms inside the cells. Plaintiff declined because MDF had less activities and he would have to stay in the cells much longer periods of time. Plaintiff advised that "it wasn't just about a medical condition or that I am (AOA, the reson I was issued an medical blue slip). Being that he is locked in a dry cell" inmates must have access to water and restrooms, regardless if they have medical condition or not. Dr. Standish called RN Ashanti in, she disclosed that Lt. Rossberg had sent an email to medical staff supervisor ordering medical staff to not issue medical blue slip for access to restroom during lock downs.

Plaintiff alleges that Deputy Madrigal, Deputy Santiago, Sgt. Spangler and Lt. Rossberg engaged in a course of outrageous conduct" and that No human being should have been subject to that kind of treatment. disregarding common decency, the retaliation the impending threat, the abuse of power and the support of Deputy Madrigal who knew by not

(3)

allowing access and assistance, it was definite that that result would occur. Plaintiff believes their conduct was due to him having to use the restroom (basic bodily function) because he is a ADA inmate, and because he would not "drop his right to grievance" (Please Exhibit A)

On April 19, 2023, Plaintiff was again confronted by Deputy Madrigal who came to his cell to conduct a "security check". Deputy Madrigal allegedly found something in the cell door, and warned Plaintiff "not to do it again" implying that Plaintiff was hiding things in his cell door. Deputy Madrigal stated that he found a razor in the same place that previous week. Plaintiff felt Deputy Madrigal was harassing him, perhaps even threatening to plant contraband in his cell in retaliation for the previous month incident that he grievance. He denied being responsible for the alleged "razor" contraband that he never knew about nor receiving a write up for. Plaintiff filed a grievance for the harassment.

On April 20, 2023, Sgt. Hayes response to the grievance stated "(1) one topic per grievance (2) speak with medical if you need special housing due to bowel (3) speak with staff during your hearing due to the write up". Plaintiff appealed the findings on the same day. As of the filing of the complaint on May 16, 2023 Plaintiff did not receive a response. (Please see Exhibit B)

1.       ADA

Plaintiff alleges that he is an ADA inmate implicating impairments with in Title II of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 1201, § 12132 § 12102 (1), § 12102 (2) § 12102 (2)(A). Plaintiff Diagnosis: Hypertensive heart disease with heart failure.
- Chronic systolic heart failure
- Biventricular ICD (implantable cardioverter-defibrillator) in place.
- Type 2 diabetes and
- OSA (obstructive sleep apnea)...
(Exhibit C)(Please see Plaintiff patient Active Problem list/

(4)

Current Facility-Administered Medications. Also listing of side effects of them medication

2.    Eighth Amendment

Eighth Amendment violation is consider when two requirement are met: (1) deprivation allege must be objectively, sufficiently serious, and (2) the prison official possesses of sufficiently culpable state of mind. Plaintiff claim of deprivation alleged objective component. Being that his ADA status required him access to the restroom clearly show a basic necessity is sufficiently serious to satisfy the objective component. Thus, reasons for medical issue Blue slip for access to restroom during lock down. Deputy Madrigal blantant disregard that. also clear that it was intentional and definite of the results of deprivation possesses a sufficiently culpable state of mind (even if placement in a "dry cell" was justified, the refusal to let the prisoner out to use a toilet... would violate the Constitution): Young v. Quinlan 960 F.2d 351 364-65 (3d Cir 1992) and for Deputy Santiago who was responsible for training Deputy Madrigal (of the day in question) is equally to blame of a (prisoner who was denied access to toilet soiled himself and then was not allowed to clean himself stated an Eighth Amendment claim. Mitchell v. Newryder, 245 F Supp. 2d, 200, 204-05 (D.Me. 2003) see Glaspy V. Malicoat. 134 F. Supp. 2d 890. 894-95 (W.D. Mich. 2001).

In determining whether the deprivation of a basic necessity is sufficiently serious to satisfy the objective component of a Eighth Amendment claim, a court must consider the circumstances, native and duration of the deprivation. though the duration was not in an extreme situation of an excessive risk to Plaintiff health or safety. It was an intentional inflication of emotional distress ("IIED) occurs when a defendant's behavior intentionally and severely disturbs the plaintiff's peace of mind. Extreme and outrageous or reckless behavior is frequently categorized as intentional infliction of emotional distress. if emotional distress was

(5)

negligent/intentional from the defendants? Plaintiff have to prove physical damages. With (IIED), the plaintiff suffers a psychological damages because of the defendants outrageous actions

3.            Retaliation

... The First Amendment retaliation entails five basic elments (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoners protected conduct, and that such action (4) chilled the inmates exercise of his First Amendment right's and (5) the action didnot reasonably advance a legitimate correctional goal." Rhodes v. Robinson 408 F.3d (9th Cir 2005).

Plaintiff; allegation to state relatiation claim against Sgt Spangler who initiated the revoking of the medical blue slip by addressing medical of what an Doctor prescribe over 90 days prior at this Facility of "blue slip appropriateness" ..."So that this issue does not come up again". Lt Rossberg spoked with Plaintiff to dicuss the grievance that he appeal from Sgt. Spangler impending statement asking "what can I do to get you to drop this complaint?" When refuse to. on appeal response. Lt Rossberg noted "we spoke on 3/13/2023 regarding the grievance. Sgt Spangler and Lt Rossberg for the revocation of his medical blue slip shown (adverse action) and Defendant Deputy Madrigal for the harassment regarding allege contraband because of Plaintiff protected conduct i.e. filing a grievance.

4.            Relief

Through the course of the process in exhaustion of administrative remedies, the Defendants action was outrageous, reckless conduct intended to cause severe mental anguish to the plaintiff. Defendants know it was highly likely such a result was going to occur. Yet intented to disregard, show adverse actions of retaliation, and harassment because of filing process of plaintiff right to grievance. he is asking for $ 25,000 plus punitive damage.

(6)

I declare under penalty of perjury that the foregoing is true and correct

Executed on 10/16/2023

                                                Samuel Russ Oxley
                                                Samuel Russ Oxley
                                                        Plaintiff
                                                               Pro se

United States District Court
Northern District of California

Samuel Russ Oxley                     Case No: 5:23-cv-02371 BLF

    Plaintiff,                     Certificate of Service

V.

Madrigal, et al.,

    Defendants,

I, the undersigned, hereby certify that:

(1) I am a inmate being detain at West County Detention Facility in Contra Costa County of California: and

(2) On 10/16/2023, I served a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) here after listed by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into 8A Module delivery receptacle located in West County Detention Facility in Richmond California

Office of the Clerk, U.S. District Court
  Northern District of California
280 South First Street, Room 2112
San Jose, California 95113-3095

Dated: 10/16/2023

                                          By: *Samuel Russ Oxley*
                                          Samuel Russ Oxley
                                          Plaintiff (pro se)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# Request for Photocopies

Name / Prisoner Number: _____

Current Address: _____
_____

**STEP ONE**
**Describe exactly what documents you are requesting and agree to pay $0.50 per page:**

Case Name: _____

Case Number: _____

Document(s) Requested:                                        |    *To be Completed by Clerk*

*Please note Document Name and, if known, Docket Number*      |    Page Length      Cost

1. _____ | _____
2. _____ | _____
3. _____ | _____
4. _____ | _____
5. _____ | _____

I am requesting photocopies of the above-named document(s) from the above-named case. I agree to pay the cost of $ 0.50 per page.

Signature: _____     Date: _____

---

**STEP TWO**
**Mail this form, with the above information complete, to the Clerk. Be sure to sign above where indicated.** The Clerk will then calculate the amount you must pay in order to receive the requested documents and will mail this form back to you noting the page length and cost information for each document.

**STEP THREE**
After the Clerk has returned this form to you, 1) indicate below which document(s), at cost listed above, you would like copied; 2) sign below; 3) enclose a check or money order made out to "**Clerk of Court USDC**"; and 4) mail to: **Office of the Clerk, U.S. District Court, 450 Golden Gate Avenue, San Francisco, CA 94102.**

Enclosed please find a check or money order in the amount of $ _____ for the following document(s) from the above list (indicate document number): _____:

Final Signature: _____     Date: _____
*Do Not Sign Here Until Clerk Has Provided Total Cost*