UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL OXLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MADRIGAL, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-02371 BLF (PR)<br><br>**CORRECTED ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING LEAVE TO AMEND; GRANTING REQUEST FOR JUDICIAL NOTICE; DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT**<br><br>(Docket No. 18) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against officials and medical staff at the West County Detention Facility in Contra Costa County, where he was previously confined. Dkt. No. 1. The amended complaint is the operative complaint in this matter. Dkt. No. 11 ("FAC"). The Court found the FAC, liberally construed, stated cognizable claims under the Americans with Disabilities Act ("ADA"), the Eighth Amendment, and for retaliation, and ordered service on Defendants Deputy Madrigal, Deputy Santiago, Sgt. Spangler, and Lt. Rossberg. Dkt. No. 14.

Defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on various grounds, including the fact that Plaintiff was a pretrial detainee at the time of the underlying incidents. Dkt. No. 18. In support, Defendants also request

judicial notice of two public records under Fed. R. Evid. 201(b). Dkt. No. 19 ("RJN"). The request is GRANTED. *See Mack v. South Bay Beer* Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986) (court may properly look beyond the complaint to matters of public record on a motion to dismiss and doing so does not controvert a Rule 12(b)(6) motion to one for summary judgment). Plaintiff filed opposition, Dkt. No. 24, and Defendants filed a reply, Dkt. No. 25.

For the reasons set forth below, Defendants' motion to dismiss is **GRANTED IN PART and DENIED IN PART, with leave to amend.**

## DISCUSSION

### I. Plaintiff's Claims

The following allegations are from Plaintiff's FAC. Dkt. No. 11. On March 23, 2023, Plaintiff was an "inmate detainee" at the West County Detention Center in Contra Costa County. *Id.* at 1; *see also* Contra Costa Booking Authority form, Ex. A to RJN (Dkt. No. 19 at 2). On this day, Plaintiff was housed in Building 8. Dkt. No. 11-1 at 3 (Plaintiff's grievance showing assignment as "8A25"). According to public records, Building 8 has mainly "dry cells," i.e., cells that do not have toilets or sinks, but also some "wet" cells, which have toilets and sinks, used to house individuals qualifying under the ADA as well as individuals subject to temporary discipline. *See* Ex. B to RJN (Dkt. No. 19 at 5).

At approximately 1 p.m. on that day, apparently during a lockdown, Deputy Madrigal denied Plaintiff access to the restroom. Dkt. No. 11 at 1-2. Plaintiff is an "ADA" inmate with numerous medical issues for which he was issued a "medical blue slip" giving him access to the restroom during lock down. *Id.* Defendant Madrigal intentionally ignored Plaintiff's medical condition, forcing him to defecate into a plastic bag in his cell. *Id.* at 2. Plaintiff approached Deputy Santiago for an inmate grievance form to complain about Deputy Madrigal's actions, and to request a shower to properly

2

clean himself. *Id.* Deputy Santiago laughed and denied the shower, telling Plaintiff to wait until "free time" at 3:30 p.m., which "made the humiliation much worse" as other inmates (Module Workers) were allowed access. *Id.* Plaintiff submitted a grievance about Deputy Madrigal's actions on the same day. Dkt. No. 11-1 at 3 (Ex. A to the FAC).

On March 5, 2023, Sgt. Spangler's response to the grievance's stated: "Deputy Madrigal is on training and the issue was addressed with training officer," who was Deputy Santiago. *Id.* Sgt. Splanger also stated that the "medical blue slip appropriateness will be address[ed] w/medical staff so that this issue does not come up again." *Id.*; *see also* FAC at 2.

On March 13, 2023, Lt. Rossberg spoke with Plaintiff to discuss the grievance. FAC at 2. Lt. Rossberg asked Plaintiff, "What can I do to get you to drop this complaint?" *Id.* When Plaintiff refused, Lt. Rossberg promptly ended the conversation. *Id.* On March 14, 2023, Lt. Rossberg's response to the appeal noted, "We spoke on 3/13/2023 regarding your grievance." *Id.*

On March 13, 2023, at 1:30 p.m., Plaintiff was called by RN Karima regarding his blue slip which had been approved three days prior. *Id.* at 2-3. RN Karima informed Plaintiff that he "got into trouble" for renewing the blue slip. *Id.* at 3. RN Karima then revoked the blue slip, merely stating that the "decision came from higher up." *Id.*

Plaintiff filed a grievance on the same day, and the medical response dated March 14, 2023, stated: "Please be advise[d] that you have a restroom access during lockdown until 5/11/2023." Dkt. No. 11-1 at 6. Plaintiff appealed the response because RN Karima had taken back that blue slip. FAC at 3.

On March 30, 2023, Plaintiff went to medical for a routine medical follow up. *Id.* at 3. While speaking with Dr. Standish, the discussion turned to the blue slip issue. *Id.* Plaintiff was asked whether he would like to go to Martinez Detention Facility ("MDF") which had restrooms in the cells. *Id.* Plaintiff declined because MDF had less activities and he would have to stay in his cell for longer periods of time. *Id.* Plaintiff advised that

3

"it wasn't just about a medical condition or that I am (ADA)" that he was issued a medical slip, but because must have access to water and restrooms regardless since he is housed in a "dry cell." *Id.* When Dr. Standish called for RN Ashanti, she disclosed that Lt. Rossberg had sent an email to medical staff supervisor ordering medical staff to not issue medical blue slips for access to restrooms during lockdowns. *Id.*

Plaintiff alleges that Deputy Madrigal, Deputy Santiago, Sgt. Spangler, and Lt. Rossberg were "engaging in a course of outrageous conduct" and that "[n]o human being should have been subject to that treatment, disregarding common decency, the retaliation, the impending threat, the abuse of power and the support of Deputy Madrigal who knew by not allowing access and assistance it was definite that that result would occur." *Id.* at 3-4. Plaintiff believes their conduct was due to him using the restroom, because he is an ADA inmate, and because he would not "drop my right to grievance." *Id.*

On April 19, 2023, Deputy Madrigal came to Plaintiff's cell to conduct a "security check." *Id.* at 4. Deputy Madrigal allegedly found something in the cell door, and warned Plaintiff "not do to it again," implying that Plaintiff was hiding things in his cell. *Id.* Deputy Madrigal stated that he found a razor in the same place the previous week. *Id.* Plaintiff felt Deputy Madrigal was harassing him, perhaps even threatening to plant contraband in his cell, in retaliation for the previous month's incident; he denies being responsible for the alleged "razor" contraband. *Id.* Plaintiff filed a grievance for the harassment. *Id.*

On April 20, 2023, Sgt. Hayes's response to the grievance stated: "(1) one topic per grievance (2) speak with medical if you need special housing due to bowel issues (3) speak with staff during your hearing due to the write up." *Id.* Plaintiff appealed the findings on the same day. *Id.* As of the filing of the complaint on May 16, 2023, Plaintiff did not receive a response. *Id.*

Plaintiff claimed the following: (1) his rights as an ADA were violated; (2) Eighth Amendment violation for the deprivation of a basic necessity, i.e., hygiene; and (3)

4

retaliation for the filing of grievances. Dkt. No. 11 at 4-6. The Court found the amended complaint, liberally construed, stated cognizable claims. Dkt. No. 14.

## II.     Motion to Dismiss

Failure to state a claim is grounds for dismissal under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to

the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *See Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *See id*. at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *See Symington*, 51 F.3d at 1484.

On the other hand, a plaintiff may plead himself out of a claim by including unnecessary details contrary to his claims. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A court, for example, is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. *Bell Atlantic Corp.*, 550 U.S. at 555; *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). After all, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). A court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg*, 18 F.3d at 754-55.

A party may amend its pleading only with the opposing party's written consent or the court's leave; leave should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). A district court should deny leave to amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous

6

complaint." *Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001). Put differently, futility of amendment frequently means that it is not factually possible for plaintiff to amend the complaint so as to cure the deficiencies. *Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002).

### A. Americans with Disabilities Act

Defendants first assert that Plaintiff's ADA claim is legally defective because he cannot assert such a claim against individual defendants. Dkt. No. 18 at 6. Defendants assert that dismissal should be without leave to amend because Plaintiff cannot cure this defect. *Id.*

In opposition, Plaintiff states that he is a qualifying individual under the ADA who is entitled to reasonable accommodations. Dkt. No. 24 at 6-7. He asserts that Defendant Madrigal denied him access to the restroom to which he was entitled and Defendant Santiago failed to rectify the situation and further humiliated him by denying him a shower. *Id.* at 8.

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Nor can individuals be sued in their individual capacities directly under Title II of the ADA or Rehabilitation Act. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc) ("Title II provides disabled individuals redress for discrimination by a 'public entity.' *See* 42 U.S.C. § 12132. That term, as it is defined within the statute, does not include individuals. *See* 42 U.S.C. § 12131(1). Accordingly, Plaintiff cannot state a cause of action under the ADA against the individual

7

defendants named in this action. Rather, the conduct of Defendants Madrigal and Santiago may be challenged under the Fourteenth Amendment as discussed below. *See infra* at 9-10.

Nor does Plaintiff argue in opposition that he could state an ADA against a public entity if granted leave to do so. "To state a claim under Title II of the ADA, a plaintiff generally must show: (1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of her disability." *Hyer v. City of Honolulu*, 118 F.4th 1044, 1065 (9th Cir. 2024) (quotation marks and citation omitted). The FAC does not involve any allegation against a public entity, nor does Plaintiff allege that he was excluded from participation in or denied the benefits of a public entity's services, programs or activities or otherwise discriminated against *by reason of* his disability. Rather, he alleges that he was denied accommodations *for* his disability, which is a claim better addressed under the Fourteenth Amendment. Accordingly, Defendants' motion to dismiss this ADA claim without leave to amend should be granted because there is no indication that Plaintiff could cure this defect through an amendment.

### B.     Eighth Amendment – Conditions of Confinement

Defendants assert that because Plaintiff was a pretrial detainee at the time of the underlying events, he cannot bring claims under the Eighth Amendment and therefore that claim should be dismissed. Dkt. No. 18 at 6. Defendants also assert that Plaintiff's allegations fail to show a deprivation of rights under the Eighth Amendment by any of the defendants because the length of deprivation amounted to a few hours. *Id.* at 6-7. Defendants assert that Plaintiff cannot cure these defects, and therefore the claim should be dismissed without leave to amend.

In opposition, Plaintiff admits that as a pretrial detainee he is not protected by the Eighth Amendment, but asserts that he can raise a claim under the Fourteenth Amendment. Dkt. No. 24 at 13.  In reply, Defendants assert that even if Plaintiff referenced the correct amendment, his allegation of a few hours' deprivation of the use of a restroom and shower are insufficient to constitute a violation under either amendment.  Dkt. No. 25 at 2.

Pretrial detainees may challenge conditions of confinement under the Due Process Clause of the Fourteenth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'"  *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)).  The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536-37.  "To constitute punishment, a government action must (i) harm a detainee and (ii) be intended to punish him." *Houston v. Maricopa County*, 116 F.4th 935, 940-41 (9th Cir. 2024) (holding that posting mug shots on the internet causes sufficient reputational-based harm to state a substantive due process claim).

If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective it does not, without more, amount to punishment. *See Bell*, 441 U.S. at 539;  *cf. Wagner v. County of Maricopa*, 701 F.3d 583, 589 (9th Cir. 2012) (remanding to trial court to determine whether the unexplained procedure of "dressing-out" a detainee, known to be in need of psychiatric treatment, from civilian clothes to jail garb, which included wearing pink underwear, was punishment without legal justification when detainee believed he was being raped and humiliated).  Because states must be able to take steps to maintain security and order at pretrial facilities, restrictions

9

and conditions that are reasonably related to a facility's interest in maintaining jail security and order are not, without more, unconstitutional punishment. *See Bell*, 441 U.S. at 540. Governmental actions need not be "a condition of pretrial detention;" so long as they "harmfully affect arrestees pretrial," they can violate due process if impermissibly punitive." *Houston*, 116 F.4th at 942.

The parties do not dispute that Plaintiff can challenge conditions of confinement under the Fourteenth Amendment. Defendants assert that a few hours' deprivation does not constitute a violation under the Eighth Amendment and therefore also does not constitute a violation under the Fourteenth Amendment. In support, they cite to two cases from the Eastern District and Central District. Dkt. No. 25 at 4. The Court is not persuaded by these cases. Rather, it appears that Plaintiff could cure any defect with regard to this claim by alleging sufficient facts to show that Defendants Madrigal and Santiago's actions in denying him access to the restroom and shower amounted to punishment in the absence of some other legitimate governmental purpose. *See Bell*, 441 U.S. at 538.

Accordingly, the Court grants Defendants' motion to dismiss the Eighth Amendment claim, but grants leave to amend for Plaintiff to attempt to state sufficient facts to state a Fourteenth Amendment claim against Defendants Madrigal and Santiago, if he can do so in good faith. The allegations must show that the denial of restroom and shower access for the two and half hours was <u>not</u> reasonably related to a legitimate governmental objective and that it amounted to punishment. *See Houston*, 116 F.4th at 940.

C.   **Retaliation Claim**

Defendants assert that Plaintiff fails to allege facts necessary to establish a First Amendment retaliation claim against any named defendants. Dkt. No. 18 at 7. First, Defendants assert that the FAC does not assert any retaliation claim against Defendant Santiago. *Id.* Second, Defendants assert that Plaintiff's retaliation claim against

10

Defendants Spangler and Rossberg are based on the conclusory assertion that Defendant Spangler had a role in the "revocation of his medical blue slip." Defendants also assert that there was an obvious, non-retaliatory explanation for the revocation. *Id.* at 8. Defendants assert that Building 8 includes ADA cells with restrooms, such that if Plaintiff truly needed access toa restroom during lockdown, housing him in one of those ADA cells is a much better alternative to a blue slip that allowed him to be out on the unit during lockdown. *Id.* Defendants conclude that therefore, Defendants could rightly question the propriety of the blue slip given to Plaintiff. *Id.* Lastly, Defendants assert that the retaliation claim against Defendant Madrigal also fails because there is no allegation that he was ever aware of Plaintiff's grievance against him, there is no connection between the March 3 grievance and the April 19 harassment, and there is no allegation that the action chilled the exercise of Plaintiff's rights. *Id.*

In opposition, Plaintiff asserts that he can state a retaliation claim against Defendant Rossberg because his blue slip was revoked the same day that Defendant Rossberg spoke to him about his grievance. Dkt. No. 24 at 8. Plaintiff also asserts that Defendant Madrigal's actions on April 19 constitutes harassment because Plaintiff was not in that cell at the time Defendant Madrigal allegedly found a razor at a prior time, and therefore Plaintiff concludes that the "harassment [was] because of the grievances behind the deprivation." *Id.* at 9. Defendants assert in reply that this allegation shows that there was no connection between the March 3 grievance and the April 19 "harassment" because Plaintiff affirmatively alleges that this was the second time Defendant Madrigal found contraband in Plaintiff's cell. Dkt. No. 25 at 6. Defendants point out that Plaintiff also proffers no factual allegations demonstrating that the mere threat of discipline would chill a reasonable detainee from filing a grievance. *Id.* Nevertheless, Defendants admit that Plaintiff could theoretically correct these defects and therefore dismissal should be with leave to amend. *Id.*

"Within the prison context, a viable claim of First Amendment retaliation entails

11

five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *see Nyland v. Calaveras County Sheriff's Jail*, 688 Fed.Appx.483, 485 (9th Cir. 2017) (applying *Rhodes* to affirm dismissal of pretrial detainee's retaliation claim).

First, there is no dispute that the complaint does not assert a retaliation claim against Defendant Santiago. Second, the allegations do not establish any retaliatory conduct by this defendant. Furthermore, Plaintiff does not assert in opposition that he could correct this deficiency in an amendment. Accordingly, Defendants' motion to dismiss a retaliation claim against Defendant Santiago should be granted.

On the other hand, it appears that the deficiency of Plaintiff's retaliation claim against the other defendants, *i.e.,* Spangler, Rossberg, and Madrigal, can be corrected with an amendment. With regard to Defendants Spangler and Rossberg, Defendants attempt to insert "an obvious, non-retaliatory explanation" for the revocation of the medical slip by relying on documents submitted with their RJN. However, asking the Court to essentially read factual conclusions into those documents is far beyond the scope of the RJN, and furthermore, beyond the complaint. Putting aside Defendants' proffered "explanation" for their actions, the FAC states sufficient allegations to state a retaliation claim against Defendant Rossberg. Furthermore, Plaintiff may be able to state a claim against Defendant Spangler if he can allege non-conclusory facts showing that Defendant Spangler had a role in the revocation of Plaintiff's medical slip. Lastly, with regard to Defendant Madrigal, Plaintiff may be able to amend to correct the deficiencies identified by Defendants: (1) the lack of allegations showing that Defendant Madrigal was aware of Plaintiff's grievance against him; (2) the lack of allegations connecting the March 3 grievance and the April 19 harassment; and (3) the threat had the effect of chilling the exercise of Plaintiff's First

Amendment rights. Dkt. No. 18 at 8. Defendants concede that Plaintiff could theoretically correct these defects. Dkt. No. 25 at 6.

Based on the foregoing, Defendants' motion to dismiss the retaliation claim against Defendant Santiago is GRANTED. The motion is DENIED with respect to the retaliation claim against Defendant Rossberg. The motion is GRANTED but with leave to amend with respect to Defendants Spangler and Madrigal. Plaintiff is granted leave to amend to attempt to state sufficient facts to support a retaliation claim against Defendants Spangler and Madrigal by establishing all the five elements under *Rhodes* against each defendant.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants Madrigal, Santiago, Spangler, and Rossberg's motion to dismiss the FAC is **GRANTED IN PART and DENIED IN PART**. Dkt. No. 30.

The motion is **GRANTED** with respect to the following claims: (1) the ADA claim; (2) the Eighth Amendment claim; and (3) the retaliation claim against Defendant Santiago. These claims are **DISMISSED with prejudice** for failure to state a cognizable claim.

The motion is **GRANTED** with respect to the Eighth Amendment claim **with leave to amend**. Plaintiff may file a second amended complaint that corrects the pleading deficiencies outlined in this order to state the following claims: (1) Fourteenth Amendment claim against Defendants Madrigal and Santiago; and (2) retaliation claim against Defendants Spangler and Madrigal.

The motion is **DENIED** with respect to the retaliation claim against Defendant Rossberg, which is sufficiently pled in the FAC.

2. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a **second amended complaint** to correct the deficiencies described above. The second amended complaint must include the caption and civil case number used in this order, Case No. 23-cv-2371 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the

13

first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The second amended complaint supersedes the original and all subsequent amended complaints, which will be treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the second amended complaint are no longer claims and defendants not named therein are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

3. **Failure to respond in accordance with this order by filing a second amended complaint in the time provided will result in the dismissal with prejudice of the deficient claims discussed above for failure to state a claim, without further notice to Plaintiff. This matter shall then proceed on the retaliation claim against Defendant Rossberg.**

This order terminates Docket No. 18.

**IT IS SO ORDERED.**

Dated: _January 31, 2025_____

						*[signature]*
						BETH LABSON FREEMAN
						United States District Judge

Corrected Order Granting MTD-LTA; Directing Pl to file SAC
PRO-SE\BLF\CR.23\02371Oxley_grant-MTD.LTA(corrected)