UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL RUSS OXLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MADRIGAL, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-02371 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

　　　　Plaintiff, a state prisoner, filed a civil rights complaint under 42 U.S.C. § 1983 against officers and the medical staff at the West County Detention Facility in Contra Costa County, where he was previously confined.  Dkt. No. 1.  On September 3, 2025, counsel for Defendants filed a notice of Plaintiff's death on June 20, 2025, Dkt. No. 39, which the Court construed as a notice of suggestion of death which implicated Federal Rule of Civil Procedure 25(a)'s process for substitution parties due to death.  Dkt. No. 40. Defendants' counsel was directed to locate and serve the suggestion of death on nonparty successors or representatives of Plaintiff under Rule 4 within twenty-eight days of the order.  *Id.* at 2.  Pursuant to further court order, Defendants filed notice of service on Marva L. Oxley, Plaintiff's closest surviving relative, on September 26, 2025.  Dkt. Nos. 43, 44.  Defendants noticed Ms. Oxley with her right to file a motion under Rule 25 to

substitute in as plaintiff and that she had ninety days to do so; a copy of the last court order and the statement of Plaintiff's death was included with the notice. Dkt. No. 44 at 4-5, Ex. A.

The time for Ms. Oxley to move for substitution has passed with no response. Accordingly, this action must be dismissed under Rule 25(a)(1) of the Federal Rules of Civil Procedure. At the court's discretion, the dismissal shall be without prejudice. *See Zanowick v. Baxter Healthcare*, 850 F.3d 1090, 1094, 1096 (9th Cir. 2017).

The Clerk shall terminate any pending motions and close the file.

**IT IS SO ORDERED.**

**Dated:** January 6, 2026

_____
BETH LABSON FREEMAN
United States District Judge

2